UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP PATRICK SUN,<br><br>    Plaintiff,<br><br>v.<br><br>ALVIN CHEUNG, et al.,<br><br>    Defendants. | Case No. 2:23-cv-02112-CSK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 29, 38) |

    Pending before the Court are cross-motions for summary judgment by Defendants Alvin Cheung and California Northstate University, LLC, and Plaintiff Philip Patrick Sun.[1] (ECF Nos. 29, 38.) Plaintiff, who is proceeding without counsel, brings a claim for breach of contract. Compl. (ECF No. 1). The cross-motions for summary judgment are fully briefed. (ECF Nos. 29, 37, 38, 39, 40, 42, 43, 44, 46, 47.) On April 25, 2025, the Court held an in-person hearing. (ECF No. 54.) Attorney Dennis Kelly appeared on behalf of Defendants, and Plaintiff appeared pro se. For the reasons that follow, the Court DENIES Plaintiff's motion for summary judgment and GRANTS IN

---

[1] This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF Nos. 4, 10, 12.)

PART AND DENIES IN PART Defendants' motion for summary judgment.

I.      BACKGROUND

   A.      Factual Background

On June 1, 2020, Plaintiff was hired as Director of Hospital Pre-Construction Planning and Logistics by Defendant California Northstate University (CNU) and signed an employment contract. Compl. at 3; *see* Pl. MSJ at 4 (ECF No. 29). On June 1, 2022, Plaintiff and Defendant CNU entered into an Independent Contractor Agreement ("Agreement") that went into effect on that same day. Agreement at 1 (ECF No. 1-2 at 43-52). Defendant Cheung is the President and Chief Executive Officer of CNU. Compl. at 4; *see* Agreement at 10. The Agreement contains the following relevant terms and definitions. "[F]ees shall be as follows: a fixed fee of $180,000 (one hundred eighty thousand US dollars) annually, paid in installment payments as follows:  Payments to be made by check on the last day of each month for the previous month. Payment per month shall be $15,000.00." Agreement at Art. 1(b). The Agreement may be terminated by either party "upon notice in writing," and "[e]ither party may terminate this Agreement with 30 days notice. Upon receipt of notice, all work shall cease, and final billings or payment shall be made within this time." *Id.* at Art. 17.

Beginning June 28, 2022, Plaintiff and Defendant Cheung engaged in verbal and written communications regarding Plaintiff's employment. On June 28, 2022, Plaintiff and Defendant Cheung had a verbal discussion (Declaration of Alvin Cheung in Support of Defs. MSJ ¶ 4 (ECF No. 39)) and Defendant Cheung emailed Plaintiff about his employment (Cheung Decl. ¶ 5, Exh. B (ECF No. 39 at 16); *see* Pl. MSJ, Exh. 9 (ECF No. 29 at 69)). In the email, Defendant Cheung wrote that "this is the right time to conclude the pre-construction consulting with you by June 30, 2022 as the project is rapidly moving forwards into the construction phase." Pl. Opp., Exh. 9; Cheung Decl. ¶ 5, Exh. B (ECF No. 39 at 16) "[P]lease disengage from any further work on the CNU hospital project by June 30, 2022." *Id.* "However, . . . if you wish to be considered for a role in the construction phase, please send in a proposal of the scope of work and the

1  role you wish to participate in two weeks." *Id.*

2  Plaintiff responded to this email on July 2, 2022, indicating he wanted to continue to contribute to the project. Compl., Exh. 10 (ECF No. 1-2 at 61-62). Defendant Cheung sent another email to Plaintiff on July 7, 2022, stating that Plaintiff's consulting contract "has been placed on pause until further notice as of June 30." Cheung Decl. ¶ 6, Exh. C (ECF No. 39 at 18). On August 5, 2022, Plaintiff sent another email to Defendant Cheung informing Cheung that there is no definition of "pause" in the Agreement. Pl. MSJ, Exh. 12 (ECF No. 29 at 76-77). On October 6, 2022, Defendant CNU's Chief Financial Officer and Vice President of Finance Dr. Shoua Xiong emailed Plaintiff stating that according to their records, Plaintiff's pre-construction consulting ended June 30, 2022. Declaration of Shoua Xiong in Support of Defs. MSJ ¶ 4, Exh. C (ECF No. 38-3 at 14). On December 1, 2022, Defendant Cheung emailed Plaintiff that the "contract relation with CNU has been placed on hold effective June 30" and that Plaintiff was not authorized to perform any work on behalf of CNU. Cheung Decl. ¶ 11, Exh. E (ECF No. 39 at 22). On December 4, 2022, Defendant Cheung emailed Plaintiff informing Plaintiff that his "contract with CNU has been terminated." Cheung Decl. ¶ 12, Exh. F (ECF No. 39 at 25). Defendant delivered payment for Plaintiff's June 2022 invoice on January 12, 2023. Xiong Decl. ¶ 9 & Exh. H (ECF No. 38-3 at 47).

### B. Procedural Background

Plaintiff filed his complaint on September 26, 2023. *See* Compl. Defendants filed an answer on October 18, 2023. (ECF No. 7.) On January 21, 2025, Plaintiff filed his motion for summary judgment. Pl. MSJ (ECF No. 29). Upon notice by Defendants that they also intended to file a motion for summary judgment, the Court informed the parties of the requirements to file cross-motions for summary judgment provided in the undersigned's Civil Standing Orders. (ECF No. 32.) On February 25, 2025, Defendants filed a motion for summary judgment. (ECF No. 38.)

///

///

## II.	LEGAL STANDARDS

### A.	Summary Judgment Standards

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the mov[ing party] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The principal purpose of summary judgment is to dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Therefore, the "threshold inquiry" is whether there are any factual issues that could reasonably be resolved in favor of either party, or conversely, whether the facts are so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-52 (1986). Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

In a summary judgment motion, the moving party must inform the court of the basis for the motion and identify the portion of the record that it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets its initial burden, the burden then shifts to the opposing party to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574. 585 (1986). To establish the existence of genuine issue of material fact, the opposing party may not rely upon the allegations or denials of its pleadings, but must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material. *See* Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact might affect the outcome of the suit and a reasonable jury could return a verdict for the opposing party. *See Anderson*, 477 U.S. at 248; *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). For the moving party to succeed, the court must conclude that no rational trier of

fact could find for the opposing party. *Matsushita*, 475 U.S. at 587.

All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *See Anderson*, 477 U.S. at 255; *Matsushita*, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). In addition, while a verified complaint may be considered as evidence at the summary judgment stage "if it is based on personal knowledge and if it sets forth the requisite facts with specificity," *Lopez v. Smith*, 203 F.3d 1122, 1132 n. 14 (9th Cir. 2000) (en banc), an unverified complaint cannot be considered as evidence. *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006) (citing *Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995); *Lew v. Kona Hospital*, 754 F.2d 1420, 1423-24 (9th Cir. 1985)).

When the parties file cross-motions for summary judgment, the court must consider each party's evidence, regardless of which side offers the evidence. *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011) (citation omitted). Each motion must be considered on its own merits. *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

### III. DISCUSSION

Plaintiff brings a claim for breach of contract against Defendants Cheung and CNU for allegedly improperly terminating his contract and failing to pay the amount owed to Plaintiff under the contract. *See* Compl. at 7-8. Plaintiff moves for summary judgment on his breach of contract claim. Pl. MSJ (ECF No. 29). Defendants also move for summary judgment on the breach of contract claim, arguing Plaintiff has not proved the essential elements of breach. Defs. MSJ (ECF No. 38). Further, Defendants move for summary judgment as to Defendant Cheung on the grounds that he is not a party to the contract. *Id.* at 14-15.

/ / /

### A. Preliminary Issues

During the April 25, 2025 hearing, the Court ruled on the following matters on the record, which the Court memorializes here. First, Defendants objected to Plaintiff's statement of undisputed facts as untimely. Defs. MSJ at 16-17. The Court denied these objections and accepted Plaintiff's statement of undisputed facts because Defendants had an opportunity to respond and due to Plaintiff's pro se status. (*See* ECF No. 37.) Second, the Court granted Defendants' request to strike the Supplemental Declaration of Dr. Shoua Xiong (ECF No. 46-2) and replace it with the Supplemental Declaration of Dr. Shoua Xiong filed at ECF No. 47 at pages 4-10, though the request was improperly made through a paragraph in another supplemental declaration (ECF No. 47). Third, the Court struck Plaintiff's refiled declaration and additional exhibits (ECF No. 53) because they were filed late and without leave. The Court did not strike Plaintiff's proposed order (ECF No. 52) filed the same day.

### B. Evidentiary Objections

Defendants make several evidentiary objections to various exhibits attached to Plaintiff's motion for summary judgment. Defs. MSJ at 17; ECF No. 38-4. The Court may only consider admissible evidence when ruling on a motion for summary judgment. *See* Fed. R. Civ. P. 56. A party may object that the material used to "dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). But, if the evidence could be presented in an admissible form at trial, then the contents may be considered on summary judgment even if the evidence itself is hearsay. *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119-20 (E.D. Cal. 2006).

When the Court cites to evidence that a party has objected to when ruling on the cross-motions for summary judgment, the objection is impliedly overruled. The Court denies as moot objections to any evidence upon which it did not rely. *See Mendoza v. City of Los Angeles*, 2022 WL 19837951, at *9 (C.D. Cal. Dec. 14, 2022). The Court further notes that in some instances, the parties submitted the same emails as exhibits. *See* Pl. MSJ, Exh. 9 (ECF No. 29 at 69) (June 28, 2022 email); Cheung Decl. ¶ 5, Exh. B

(ECF No. 39 at 16) (same).

### C. Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment on his breach of contract claim. Pl. MSJ at 3-4. The elements of a claim for breach of contract are: (1) an existing contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

First, Plaintiff argues that Defendants had no authority under the Agreement to conclude the pre-construction phase of the project, and that pre-construction was not complete. Pl. MSJ at 6-7. Plaintiff argues that this interfered with his workflow. *Id.* at 10. Defendants argue that this theory was not pled in the complaint. Defs. MSJ at 8. The Court agrees that Plaintiff did not plead this theory in the complaint. *See* Compl. Plaintiff is not allowed to raise a new theory of liability at summary judgment without notice to Defendants. *See Echlin v. PeaceHealth*, 887 F.3d 967, 977-78 (9th Cir. 2019); *Wasco Products, Inc. v. Southwall Tech., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006). Therefore, summary judgment is DENIED on this ground.

Plaintiff next argues that Defendants breached the Agreement because using the term "pause" in the July 7, 2022 email is not a proper way to terminate the Agreement and did not provide the required termination notice. Pl. MSJ at 7, 10, 11. Plaintiff argues that this term is ambiguous and not included in the Agreement. *Id.* at 7. Defendants contend in part that this argument was not pled in the complaint. Defs. MSJ at 9. This is incorrect, as Plaintiff states in his complaint that "[t]he term 'pause' is not defined in the Agreement . . . . If Defendants wanted to terminate the contract in writing as provided in their Agreement . . . Defendants could have clearly used the language of the Agreement." Compl. at 7. Plaintiff has sufficiently pled this theory in his complaint. Finally, Plaintiff argues that Defendants breached the Agreement by not paying Plaintiff from June 2022 through December 4, 2022. Pl. MSJ at 11-12.

Plaintiff has failed to meet his initial burden as movant to demonstrate that there is no genuine dispute of material fact as to whether Defendants breached the contract. *See*

*Celotex*, 477 U.S. at 323. The Court concludes that there is a genuine dispute of material fact as to when Plaintiff's independent contractor agreement was terminated.

On the one hand, Defendant Cheung's June 28, 2022 email instructed Plaintiff to "please disengage from any further work on the CNU hospital project by June 30, 2022." Cheung Decl. ¶ 5, Exh. B (ECF No. 39 at 16); Pl. Opp., Exh. 9. On the other hand, on October 18, 2022, CNU staff asked Plaintiff for his scope of work for September 2022 services. *See* Pl. Opp., Exh. 22 (ECF No. 44 at 160). In addition, Defendant Cheung's July 7, 2022 email states that Plaintiff's consulting contract "has been placed on pause until further notice as of June 30" (Cheung Decl. ¶ 6, Exh. C (ECF No. 39 at 18)) and his December 1, 2022 email states that it "has been placed on hold on effective June 30" (Cheung Decl. ¶ 11, Exh. E (ECF No. 39 at 22)). "Pause" is defined as "a *temporary* stop" or "*temporary* inaction especially as caused by uncertainty." *Merriam-Webster*, https://www.merriam-webster.com/dictionary/pause (last visited May 16, 2025) (emphasis added). As Plaintiff himself acknowledges, use of the term "pause" is ambiguous, and is not used in the Agreement. *See* Pl. MSJ at 7; *see also* Agreement. Finally, on December 4, 2022, Defendant Cheung emailed Plaintiff informing Plaintiff that his "contract with CNU has been terminated." Cheung Decl. ¶ 12, Exh. F (ECF No. 39 at 25).

Because there is a genuine dispute of material fact as to when the Agreement was terminated as demonstrated by these various communications, Plaintiff's breach of contract claim cannot be resolved on summary judgment. The Court therefore DENIES Plaintiff's motion for summary judgment (ECF No. 29).

**D.     Defendants' Motion for Summary Judgment**

Defendants move for summary judgment on Plaintiff's breach of contract claim as to Defendant Cheung and as to Defendant CNU. *See* Defs. MSJ.

1.     <u>Defendant Cheung</u>

First, Defendants argue that Defendant Cheung is not a party to the Agreement and therefore is not liable for any alleged breach of contract. Defs. MSJ at 14-15.

Defendants state that the Agreement is solely between Plaintiff and CNU, and Defendant Cheung is not a signatory or beneficiary of the Agreement. *Id.* at 14. Though Defendant Cheung signed the Agreement and his email address is listed as the CNU's email address, he did so as a representative for CNU. The Agreement clearly identifies Plaintiff and CNU as the only parties to the Agreement; Cheung is not identified as a party. *See* Agreement at 1. Further, Plaintiff confirmed at the April 25, 2025 hearing that he does not bring any claims against Defendant Cheung in his individual or personal capacity. *See also* Compl. The Court therefore holds that Defendant Cheung is not a party to the Agreement, and is not liable for any potential breach of the Agreement. *See Brookfield Prop. Grp., LLC v. Liberty Mutual Fire Ins. Co.*, 679 F. Supp. 3d 971, 982 (C.D. Cal. 2023) ("As a general matter, a non-party, or nonsignatory, to a contract is not liable for a breach of that contract." (citation omitted)). Therefore, Defendants' motion for summary judgment as to Defendant Cheung is GRANTED, and judgment is entered for Defendant Cheung.

### 2. California Northstate University

Defendant CNU argues that it terminated the Agreement and gave Plaintiff written notice of the termination on June 28, 2022. Defs. MSJ at 4. Defendant CNU states that it "clearly and unambiguously" notified Plaintiff that the Agreement was being concluded via the June 28, 2022 email. *Id.* According to CNU, it was not required to use the term "termination" to end the Agreement. *Id.* Defendants contend that the word "pause" is a "common English term meaning to stop in action," and that it is clear and unambiguous. *Id.* at 6-7.

Like Plaintiff, Defendant CNU has not met its initial burden as movant to show that there is no genuine dispute of material fact as to whether CNU breached the contract. *See Celotex*, 477 U.S. at 323. As described above, the Court concludes that there is a genuine dispute of material fact as to when Plaintiff's independent contractor agreement was terminated. Therefore, the breach of contract claim cannot be resolved on summary judgment and the Court DENIES Defendants' motion for summary judgment on this

ground.

Defendants also argues that Plaintiff did not perform work for CNU after June 30, 2022 and has not submitted competent evidence demonstrating this. Defs. MSJ at 7. Plaintiff responded that he continued to work with and communicate with project participants from July through November 2022, and attached exhibits demonstrating his ongoing work. Pl. Opp. at 23-24 (ECF No. 44); Pl. Opp., Exh. 25 (ECF No. 44 at 163-75). In Plaintiff's complaint, he alleges that from July until early December 2022, he "monitored the project and advised Defendant Cheung of numerous issues." Compl. at 7. Defendant Cheung disagrees with Plaintiff's representations, stating that he was not aware Plaintiff performed any work for the project after June 30, 2022. Cheung Decl. ¶ 14. As these conflicting versions demonstrate, as movant, Defendants have not met their burden to show that there is no genuine dispute of material fact as to whether Plaintiff performed under the contract. Therefore, Defendants' motion for summary judgment is also DENIED on this ground.

### 3. June 2022 Payment

Defendants argue that they should not be liable for the timing of CNU's June 2022 payment to Plaintiff. Defs. MSJ at 12-14.[2] However, as stated in Plaintiff's briefing and confirmed at the hearing, Plaintiff is not seeking damages for the payment for June 2022, so this issue is moot. *See also* Compl. at 7-8.

Defendants' motion for summary judgment is GRANTED IN PART as to Defendant Cheung, and DENIED IN PART as to the remainder of Defendants' motion.

## IV. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Defendants' objections to Plaintiff's statement of undisputed facts (ECF No. 37) are DENIED;

---

[2] As an example, CNU included a copy of another entity's scope of work submitted to CNU. Defs. MSJ at 12; *see* Xiong Decl. ¶ 3, Exh. B (ECF No. 38-3 at 7-12). The Court declines to consider this example as it is irrelevant to this case.

2. The Supplemental Declaration of Dr. Shoua Xiong (ECF No. 46-2) is STRICKEN, and replaced with the Supplemental Declaration of Dr. Shoua Xiong filed at ECF No. 47 at pages 4-10;

3. Plaintiff's refiled declaration and additional exhibits (ECF No. 53) are STRICKEN;

4. Plaintiff's motion for summary judgment (ECF No. 29) is DENIED;

5. Defendants' motion for summary judgment (ECF No. 38) is GRANTED IN PART as to Defendant Cheung, and DENIED IN PART as to the remainder of Defendants' motion; and

6. Judgment is entered for Defendant Alvin Cheung.

Dated: May 19, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, sun.2112.23